UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIRECTV, INC.,

                Plaintiff,

v.                                                         **ORDER**
                                                         05-CV-613S

DAVID INSALACO, ET AL.

                Defendants.

THIS MATTER comes before the Court upon Plaintiff DIRECTV, Inc.'s Motion for Default Judgment and Permanent Injunction against Defendant **David Insalaco**. Having reviewed the materials submitted and being fully advised, the Court hereby grants Plaintiff's motion.

1. The Court finds, based on **David Insalaco's** default to the factual allegations of the Complaint, that defendant **David Insalaco** received and assisted, aided and abetted other persons in receiving and decrypting Plaintiffs' satellite transmission of television programming without authorization by or payment to Plaintiffs, in violation of Section 605(a) of the Communications Act of 1934, as amended.

2. Judgment is entered against **David Insalaco** in favor of Plaintiff DIRECTV in the amount of $31,000.00, which amount reflects minimum statutory damages;

3. Plaintiff DIRECTV is awarded attorney's fees and costs in the amount of $850.00.

4. In addition to its authority under the Federal Rules of Civil Procedure, this Court is authorized to grant injunctive relief under the federal statutes upon which this action is brought, including 47 U.S.C. § 605(e)(3)(B)(i). For the foregoing reasons, the Court hereby enters the following Permanent Injunction against Defendant **David Insalaco**:

### PERMANENT INJUNCTION

Defendant **David Insalaco**, and any persons or entities controlled directly or indirectly by him, are hereby permanently enjoined and restrained from:

(a) receiving or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization by and payment to DIRECTV;

(b) importing, exporting, possessing, offering to the public, trafficking, distributing, selling, or using any devices or equipment (including, by way of example, unauthorized Access Cards, or software or components therefor) designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming;

(c) advertising the sale of any devices or equipment (including, by way of example, unauthorized Access Cards or software or components therefor) designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming, and advertising or providing information or technical services in support thereof; or

        (d)    reverse engineering or attempting to reverse engineer any of DIRECTV's products, services or technologies, including without limitation the encryption and security controls for the DIRECTV satellite system.

This Permanent Injunction shall apply to **David Insalaco's** activities worldwide, and shall apply with the same force and effect to the Sky Latin America and DIRECTV Latin America (also known as Galaxy Latin America) satellite systems, and to any other direct broadcast satellite system or related business in which DIRECTV has a financial or other interest, now or in the future.

**David Insalaco**, and any persons or entities controlled directly or indirectly by him, are hereby permanently enjoined and restrained from:

        (a)    investing or holding any financial interest in any enterprise which **David Insalaco** knows is now, or planning in the future, to engage in any of the activities prohibited by this Permanent Injunction; or

        (b)    knowingly allowing any persons or entities which **David Insalaco** controls, either directly or indirectly, to engage in any of the activities prohibited by this Permanent Injunction.

4.    In the event that **David Insalaco** becomes aware that an enterprise in which he has invested or holds any financial interest is engaged in any of the activities prohibited by this Permanent Injunction, he shall immediately divest himself of any such investment or financial interest.

5.    The Court shall retain jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Permanent Injunction.

6.     Upon proof of any violations by **David Insalaco** of the provisions of this Permanent Injunction, the Court shall be authorized to award damages and other relief to DIRECTV therefore.

**ORDERS**

IT HEREBY IS ORDERED, that Plaintiff's Motion for Default Judgment (Docket No. 21) is GRANTED as to Defendant **David Insalaco**.

FURTHER, that the Clerk of the Court is directed to enter default judgment in Plaintiff's favor against Defendant **David Insalaco** in the amount of $31,850.  Interest on this judgment shall accrue from the date of entry of this Order in accordance with 28 U.S.C. § 1961.

FURTHER, that the Clerk of the Court is directed to send a copy of this Order to Defendant **David Insalaco** at the following address:

> 525 Eaton Road
> Rochester, NY 14617

FURTHER, that the remaining counts of the Complaint are DISMISSED with prejudice as to **David Insalaco**.

SO ORDERED.

DATED:     February 12, 2007
           Buffalo, New York

                                        /s/William M. Skretny
                                        Honorable William M. Skretny
                                        United States District Court Judge